**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Howard Wheeler

    v.                                  Case No. 25-cv-372-JL-AJ

United Parcel Service Inc., et al.

## Report and Recommendation

Plaintiff Howard Wheeler, appearing pro se, brings this action against his former employer, United Parcel Service, Inc. ("UPS"), and Pamela Koutroulis, Keith Judge, and Teamsters Union Local No. 633.  Mr. Wheeler alleges that UPS unjustly terminated his employment and breached the collective bargaining agreement. He further alleges that his union representatives failed to protect his rights.

Pending before the court are Defendants' motion to dismiss[1] (Doc. No. 21) and Mr. Wheeler's motion to extend time to file an amended complaint (Doc. No. 33).  For the following reasons, the district judge should dismiss Mr. Wheeler's complaint without prejudice.

## Background

Defendants removed this action on September 25, 2025,

---

[1] The motion to dismiss was filed by Defendants UPS and Koutroulis.  Defendants Judge and Teamsters Union Local No. 633 joined in the motion.

asserting federal question jurisdiction, 28 U.S.C. § 1331.  Doc. No. 1 (Notice of Removal).  On October 24, 2025, the court granted Defendants' motion for a more definite statement, ordering Mr. Wheeler to file an amended complaint within 30 days.  See Doc. Nos. 7 (Motion); 11 (Order).  The court required Mr. Wheeler to identify which causes of action he was alleging against which defendants and organize his allegations in separate numbered paragraphs.  Doc. No. 11.  The 30-day period to file a more definite statement was an expansion of the 14-day period suggested by Federal Rule of Civil Procedure 12(e), given Mr. Wheeler's pro se status.  Id. at n.1.

Mr. Wheeler has filed addenda to his complaint.  See Doc. Nos. 9, 15, 16.  On December 5, 2025, after consideration of the addenda, the court issued an order stating that Mr. Wheeler had not complied with its October 24 Order.  See Oct. 25, 2025 Endorsed Order.  The court directed Mr. Wheeler to file an amended complaint in compliance with the October 24 Order by January 5, 2026.  Id.  The court noted that "[f]ailure to comply may result in a recommendation that [his] case be dismissed." Id.

On December 29, Mr. Wheeler moved to file exhibits in support of his complaint and pending motions.  See Doc. No. 20. The court granted that motion but noted that it did not bring

2

Mr. Wheeler into compliance with the court's October 24 Order. See Feb. 3, 2026 Endorsed Order.  The court reiterated the requirements of the October 24 Order.  Id.

On January 8, 2026, Defendants moved to dismiss, arguing that Mr. Wheeler did not comply with the October 24 Order by the January 5 deadline.  See Doc. No. 21 (Motion); 22 (Memorandum in Support).  Mr. Wheeler objected, contending that he needed his employee file from UPS to file an amended complaint.  See Doc. No. 23.  The parties also filed reply and surreply briefing. See Doc. Nos. 27 (Reply); 28 (Surreply).

Mr. Wheeler moved for employee files from UPS and to extend time to amend his complaint.  See Doc. No. 26 (Motion for Files); 25 (Motion to Extend).  The court denied the motion for employee files, explaining that Defendants are not obligated to produce discovery before the Rule 26(f) conference which the parties have not yet held.  See Feb. 3, 2026 Endorsed Order. The court granted Mr. Wheeler's motion to extend, again reiterating the requirements of the October 24 Order and noting the failure may result in dismissal.  See Feb. 3, 2026 Endorsed Order.  The court also noted that Defendants' refusal to provide Mr. Wheeler with his personnel file does not excuse his compliance.  Id.  The court extended the deadline to February 24, 2026.  Id.

On February 18, 2026, Mr. Wheeler filed an "addendum to pending motions for scheduling conference."  See Doc. No. 32. The same day, the court issued an order clarifying that no pretrial conference would be scheduled until after resolution of the pending motion to dismiss and that the court had found good cause to extend the deadline for issuing a scheduling order. See Feb. 18, 2026 Endorsed Order.  The court reiterated the February 24 deadline to amend.  Id.

On February 19, 2026, Mr. Wheeler moved to extend the deadline to amend.  See Doc. No. 33.  Mr. Wheeler requested that the deadline be extended to after the court holds a Rule 16(f) conference and Mr. Wheeler receives his employee file.  Id.  Mr. Wheeler explained the difficulties he faces due to his pro se status and mental health conditions.  Id.  Defendants objected to Mr. Wheeler's motion, arguing no good cause exists for his failure to comply with the court's deadlines and asking the court to grant their motion to dismiss.  See Doc. No. 35.

Mr. Wheeler has not filed an amended complaint in compliance with the court's October 24 Order.

## Discussion

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R.

Civ. P. 41(b).  While pro se complaints and filings are construed liberally, Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014), even pro se litigants are bound by the Federal Rules of Civil Procedure, Thompson v. Citigroup Mortgage Loan Trust 2019 D, No. 22-cv-350-SM-AJ, 2024 WL 2089030, at n.11 (D.N.H. May 9, 2024) (citing Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994)).  For the reasons stated in the court's October 24 Order, Mr. Wheeler's complaint does not comply with the requirements of Rules 8(a)(2) or 10(b).  The court ordered Mr. Wheeler to file an amended complaint identifying which causes of action he was alleging against which defendants, specifying the allegations showing he is entitled to relief for each cause of action, and organizing his pleading into separate numbered paragraphs.  The court also issued multiple warnings that failure to comply may result in dismissal.

After several extensions and over 150 days, Mr. Wheeler has not complied with the October 24 Order.  For that reason, the district judge should dismiss this action.  The court, however, recommends that the dismissal be without prejudice.  See Spaulding v. U.S. Dept. of Educ., No. 24-cv-12401-ADB, 2025 WL 480434, at *1 (D. Mass. Jan. 16, 2025) (dismissing action without prejudice following the plaintiff's noncompliance with

order directing her to file an amended complaint).

Conclusion

The court recommends granting Defendants' motion to dismiss (Doc. No. 21) and dismissing this action without prejudice.  If the district judge adopts this Report and Recommendation, Mr. Wheeler's motion to extend time (Doc. No. 33) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in written objections to this Report and Recommendation "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal."  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

March 24, 2026
Cc: Howard Wheeler, pro se
    Counsel of record